**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LEROY CAMPBELL** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO.  1:06cv149-LG-JMR** |
| | § | |
| **HARTCARS, INC., d/b/a/** | § | |
| **THRIFTY CAR RENTAL,** | § | |
| **WILLIAM H. GIBSON and** | § | |
| **LAURA J. BUSBY** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANTS' MOTION TO DISMISS**

THE MATTER BEFORE THE COURT is the Defendants' Motion to Dismiss [14]

Pursuant to Rule 12(b).  Having considered the Motion, Plaintiff's Reply, Defendants' Reply to

Plaintiff's Opposition to the Motion to Dismiss, and Plaintiff's Reply to Defendants' Opposition,

along with the entire record and the applicable law, the Court finds that Defendants' Motion to

Dismiss Pursuant to Rule 12(b) is well taken and should be granted.

**DISCUSSION**

Leroy Campbell, ("Campbell"), filed his *pro se* Complaint against Defendants on March

1, 2006, alleging diversity jurisdiction.  In his Complaint, Campbell asserts numerous claims

against Defendants including illegal or false arrest, false imprisonment, false accusations,

invasion of privacy, defamation, negligence, gross negligence and  intentional or negligent

infliction of emotional distress.  Campbell's allegations  involve actions taken against him in

conjunction with the failure to return a vehicle rented from Hartcars, Inc., d/b/a Thrifty Car

Rental ("Hartcars").

On October 16, 2004, Campbell entered into a contract with Hartcars to rent a 2004

Hyundai Sonata for one day.  The contract provided that Campbell was to return the car on October 17, 2004.  Campbell identifies defendant Laura Busby, ("Busby"), as the rental agent that processed the paperwork and actually approved the rental of the vehicle to Campbell. Campbell claims that on October 19, 2004, he contacted Hartcars and requested that the vehicle rental rate be switched to reflect a weekly rate.   According to Campbell, Defendant William Gibson, ("Gibson"), the vice president of Hartcars, forwarded a "Demand" letter to Campbell on October 20, 2004, granting an additional seventy-two (72) hours in which to return the rental vehicle.

Defendant Busby contacted Campbell by telephone on October 31, 2004 in order to discuss the rental agreement.  Campbell called Hartcars on November 4, 2004, regarding the vehicle rate change and to provide Hartcars with a different credit card number than the one originally used to secure the rental agreement.   Later that day, Campbell received a call from Gibson requesting him to return to the store in order to revise the rental agreement.  Campbell and Gibson agreed that Campbell would return the vehicle to Hartcars the following day. Campbell claims that despite this agreement, Busby submitted an affidavit to the Gulfport Police Department on November 4, 2004, containing false or untrue allegations that Campbell willfully, unlawfully, feloniously and fraudulently  appropriated the rental vehicle in violation of MISS. CODE ANN. § 97-23-27.  As a result, Campbell was arrested on November 5, 2004. *See* Online Booking Records of the Harrison County Sheriff's Office, attached as Exhibit "E" to Defendants' Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b).

Defendants filed their Motion to Dismiss Pursuant to Rule 12(b) citing insufficient service of process and Campbell's failure to state a claim upon which relief can be granted.  In

support of their Motion, Defendants claim that each service was attempted at the rental office branch by leaving service with an individual at the branch by the name of Cindy Gavagnie, ("Gavagnie"). *See* Defendants' Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b). Defendants claim that neither Busby nor Gibson were personally served and that neither individual appointed Gavagnie or anyone else as their proper representative for service. Additionally, neither Busby nor Gibson waived service in this matter. The corporate entity Hartcars, Inc. did not waive service or recognize Gavagnie as its duly appointed agent. Hartcars has appointed M. Channing Powell, located at 1915 23rd Avenue, Gulfport, Ms 39501, as its registered agent for purposes of service of process. *See* Exhibit "D" attached to Defendants' Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b).

Defendants also maintain that Campbell's Complaint must be dismissed for failure to state a claim upon which relief can be granted. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b). Defendants argue that Campbell's claims are subject to the one (1) year statute of limitations period governed by Miss. Code Ann. § 15-1-35. Since Campbell did not file his Complaint until March 1, 2006, and the actions giving rise to the instant lawsuit occurred between October 16, 2004 through November 4, 2004, Defendants maintain that Campbell's claims are time-barred. Campbell counters, claiming that not only did his incarceration toll the statute of limitations, but his claims fall under the three (3) year residual statute of limitations period prescribed by Miss. Code Ann. § 15-1-49. *See* Plaintiff's Reply to Defendants' Opposition to Plaintiff's Opposition to Motion to Dismiss.

_Service of Process:_

Campbell was required to execute proper service upon any individual defendant, including the corporate entity Hartcars, pursuant to Federal Rules of Civil Procedure 4(e) and 4(h).  Federal Rule of Civil Procedure 4(e) requires that proper service must be made consistent with the requirements of the state in which service is effected, or "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  FED. R. CIV. PROC. 4(e)(2).  Federal Rule of Civil Procedure 4(h) requires that service upon corporations shall be effected:

> in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

FED. R. CIV. PROC. 4(h)(1).

Upon examination of the Return of Service for each of the three Defendants named in this case (Def. Exh. "A"- "C"), it appears that Campbell has failed to effect proper service upon either the corporate Defendant Hartcars or the individual Defendants Gibson and Busby. Campbell has done nothing to meet his burden of demonstrating the validity of service of process.  _Carimi v. Royal Carribean Cruise Line, Inc._, 959 F.2d 1344, 1346 (5th Cir. 1992). Campbell's _pro se_ status does not excuse his failure to effect service,  _Systems Signs Supplies v. U.S. Dept. of Justice,_ 903 F.2d 1011, 1013 (5th Cir. 1990), and his failure to effect proper service

-4-

in spite of having ample notice that the Defendants disputed the validity of his attempts makes dismissal proper.  *Id.* at 1014.

Campbell contends that the statute of limitations was tolled during his imprisonment for approximately six months in 2005.  However, Campbell does not provide any legal authority for this contention, and the Court is not aware of any tolling provision under Mississippi law due to a plaintiff's incarceration.  Campbell's claims are barred by the one-year statute of limitations found at MISS. CODE ANN. § 15-1-35.  Thus,  an amended would be futile.

*The Statute of Limitations:*

Alternatively, Campbell's claims are barred by the applicable Mississippi statute of limitations.  Campbell's claims, primarily false arrest and false imprisonment, all arise from the intentional act of the Defendants in reporting Campbell's failure to return the rental car to local authorities.  Although Campbell also asserts negligence, his claims are in essence to recover on intentional torts.  *Childers v. Beaver Dam Plantation, Inc.*, 360 F. Supp. 331, 333 (N.D. Miss. 1973).  Claims of false imprisonment, false arrest, malicious prosecution, slander and libel are all subject to the one-year statute of limitations in MISS. CODE § 15-1-35.  *See City of Mound Bayou v. Johnson*, 562 So.2d 1212 (Miss. 1990).  And although Campbell asserts that the 3-year catch-all limitations period in MISS. CODE § 15-1-49 is applicable because his action "derives from a contractual agreement," citing *Mathis v. Indemnity Ins. Co. of N.A.*, 588 F.Supp. 489 (S.D. Miss. 1983), the Court finds the rationale of *Mathis* inapplicable in this case.  As the court in *Mathis* noted, the plaintiff in that case had sued both the alleged bail bondsmen (characterized as police officers by the court), and the bondsmen's surety on an official bond.  *Id.* at 491-92.  In contrast, there was no official action here.  In order for the three-year statute of limitations to apply to

-5-

Campbell's claims, he would have had to bring an action against a public officer for the breach of a statutory or contractual duty.  *Harvey v. Dunaway*, 461 F. Supp. 758, 759-60 (N.D. Miss. 1978) ("In Mississippi, such an action is in contract and is governed by the [three-year] statutory limitation period for written contracts.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendants' Motion to Dismiss [14] pursuant to FED. R. CIV. P. 12(b)(6) is **GRANTED**.  Plaintiff's claims against the Defendants are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE